UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
In Admiralty

Case No.:

ACCELERANT SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.

GORDON DALE MANN,

    Defendant.
_____/

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, ACCELERANT SPECIALTY INSURANCE COMPANY ("Accelerant") hereby sues Defendant, GORDON DALE MANN ("Mann"), and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201.

2. Plaintiff designates this as an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333, as it involves disputes regarding a marine insurance contract. Plaintiff invokes the provisions of Rules 9(h), 38(e), and 82 of the Federal Rules of Civil Procedure.

3. Venue is proper within the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this District. Moreover, the forum selection clause in the subject policy of insurance provides that disputes arising thereunder be heard in "the Federal District court within which you the Assured resides or the

Federal District court within which your insurance agent resides." Mann resides in Boca Raton, Florida; therefore venue in this District has been stipulated to.

4. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been complied with.

5. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the Parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

## PARTIES

6. At all times material to this action, Accelerant is and was a domestic surplus lines insurer organized and existing under the laws of the State of Arkansas, with its office and principal place of business located in the State of Georgia.

7. At all times material to this action, Mann is an individual residing in Boca Raton, Florida.

## FACTUAL ALLEGATIONS

8. This matter arises from an incident which occurred on September 4, 2022 when Mann was navigating a 1988 63' Viking Gulfstar with hull identification no. GFS63004K788 (the "Vessel") south down the intracoastal waterway in Pender County, North Carolina (the "Incident").

9. On that date, Mann was allegedly traveling at a high rate of speed, estimated at 10-20mph, which triggered a large wake causing injury to a third party in another vessel, damage to that vessel and property damage to a dock. A complete copy of the North Carolina Wildlife Resource Commission Boating Accident Report, final report dated September 7, 2022, is attached as **Exhibit "A"**.

10. On August 8, 2024, Mann was served with a complaint, captioned *Traci Rivenbark v. Gordon Mann*, in the Superior Court of North Carolina, County of Pender, No. 23 CV 1310. The complaint alleges negligence on the part of Mann during the September 4, 2022 Incident in Pender County, North Carolina causing injury to Traci Rivenbark. A copy of the Rivenbark summons and complaint is attached as **Exhibit "B"**.

11. On August 20, 2024, Mann submitted a claim via his broker arising out of the Incident on a policy of marine insurance that Plaintiff issued to Mann, Policy Number CSRYP/211923, with effective dates of April 1, 2022 to April 1, 2023 (the "Policy"). A copy of the notification of claim is attached as **Exhibit "C"** and a complete copy of the Policy is attached as **Exhibit "D"** and is fully incorporated herein.

12. The Policy provided, *inter alia*, $300,000 in third party liability coverage, subject to a $500 deductible. *See* Exh. D.

13. The Policy also provided, in relevant part, as follows:

> **Endorsement 1**
> It is hereby noted and agreed that with effect from Tuesday August 2, 2022 The Scheduled Vessel is noted as being located at Atlantic Yacht Basin, 2615 Basin Rd, Chesapeake, VA 23322.
>
> Warranted that the Scheduled Vessel will be located and will only navigate north of Cape Hatteras July 1st to November 1st…. All other terms and conditions remain unaltered.
>
> \*   \*   \*
>
> **9. General Conditions & Warranties**
>
> iii. This Insuring Agreement incorporates in full Your application for insurance and together with any endorsements issued herein, constitutes the entire contract between You and Us. At Your request, various provisions of this Insuring Agreement may be varied by Us but only by Our prior written agreement.

3

> xx. Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this Insuring Agreement from inception, it is hereby agreed that any such breach will void this Insuring Agreement from inception.
>
> \* \* \*
>
> **10. Your Duties in the Event of a Loss**
>
> 2. Within 30 days of a loss giving rise to any claim hereunder give Us written notification of the loss and its circumstances, this term is a condition precedent to our liability hereunder.
>
> \* \* \*
>
> **11. Service Of Suit, Choice Of Law And Forum**
>
> **It is hereby agreed that any dispute or claim arising hereunder (including non-contractual disputes or claims), or in connection with this Insuring Agreement, shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, any dispute or claim arising hereunder (including non-contractual disputes or claims), or in connection with this Insuring Agreement, is subject to the substantive laws of the State of New York.**
>
> \* \* \* \* \*

*Id.*

14.     Following receipt of notification of the loss from Mann, Plaintiff launched an investigation into the Incident to determine the cause of loss.

15.     Upon determining that Mann breached various Policy requirements, Plaintiff reserved its rights and filed this action seeking a declaratory judgment that the Policy is void from inception.

### COUNT I – BREACH OF NAVIGATIONAL WARRANTY

16.     Plaintiff reasserts and realleges the allegations contained in paragraphs 1-15 above as if fully set forth herein.

17. Endorsement 1 of the Policy warrants, *inter alia*, that it is "[w]arranted that the Scheduled Vessel will be located and will only navigate north of Cape Hatteras July 1st to November 1st." *See* Exh. D, p. 2.

18. Pursuant to general condition xx., any breach of warranty operates to void the Policy from its inception. *See id.*

19. The effect of the breach of a navigational warranty is controlled by entrenched federal maritime law. Under that entrenched federal maritime law, navigational warranties are strictly enforced, and a breach thereof voids coverage irrespective of any causal relation to the loss.

20. As set forth in the North Carolina Boating Accident Report, the incident occurred while Mann and the Vessel were in Pender County, North Carolina. *See* Exh. A.

21. Pender County, North Carolina, with a latitude of 34.3106 N, is south of Cape Hatteras, with a latitude of 35.223333 N [1]:

---

[1] For the latitude and longitude of Pender County, North Carolina, *see* Exh. A. Latitude and longitude of Cape Hatteras, North Carolna is provided by the National Oceanography Centre, Permanent Service for Mean Sea Level. A copy of the March 2025 report is attached as Exhibit "E".



22. As a result, Mann breached the Policy's navigational warranty, and pursuant to general condition xx., the Policy is void from its inception. *See* Exh. D.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to adjudge and declare that Mann breached the Policy's Navigational Warranty, and that as a result, the Policy is void from its inception and does not provide coverage for any claims arising from or associated with the Incident. Plaintiff further requests such other relief as the Court may deem just and appropriate under the circumstances.

## **COUNT II – LATE NOTICE**

23. Plaintiff reasserts and realleges the allegations contained in paragraphs 1-15 above as if fully set forth herein.

24. The Incident giving rise to Mann's claim occurred on September 4, 2022. *See* Exh. A.

25. Mann knew or should have known of the Incident and its severity on the day it occurred, given Mrs. Rivenbark's severe injury was included in the accident report. *Id*.

26. The Policy requires that "Within 30 days of a loss giving rise to any claim hereunder give Us written notification of the loss and its circumstances, this term is a condition precedent to our liability hereunder." *See* Exh. D, §10, 2.

27. The loss was not reported to Accelerant until August 20, 2024 - nearly two years after the Incident. *See* Exh. C.

28. As such, Mann failed to satisfy a condition precedent to coverage.

29. Under New York law, which governs the Policy in the absence of entrenched maritime precedent, notice is a condition precedent to coverage, and the failure of an insured to provide notice within a reasonable time will constitute a complete defense to coverage, irrespective of whether the insurer was prejudiced by such late notice.

30. Therefore, because Mann did not provide timely notice of the circumstances giving rise to the claim, there is no coverage under the Policy with respect to those claims, and Accelerant does not owe Mann a defense with respect to the claims.

WHEREFORE, Accelerant respectfully requests this Honorable Court to adjudge and declare that Mann failed to provide notice of the Incident, in breach of the Policy's conditions, such that Accelerant has neither a duty to defend nor indemnify him against any claims arising therefrom. Accelerant further requests such other and further relief as this Court may deem just and appropriate under the circumstances.

Dated: April 18, 2025.

Respectfully submitted,

**DAVANT LAW, P.A.**
*Attorneys for Plaintiff*

|      |                                        |
|------|----------------------------------------|
|      | 12 Southeast 7th Street, Suite 601     |
|      | Fort Lauderdale, FL 33301              |
|      | Telephone: (954) 414-0400              |
| By:  | */s/ Charles S. Davant*                |
|      | Charles S. Davant                      |
|      | Florida Bar No. 15178                  |
|      | csd@davantlaw.com                      |
|      | Jennifer S. Mulligan                   |
|      | Florida Bar No. 614564                 |
|      | jsm@davantlaw.com                      |